## STATE *v.* SAMUEL WATSON.

*In an indictment for receiving stolen goods, it is not requisite to assign a money value to every article named.*

*It is sufficient, that the description of the goods be such, as to show that they are[of some value.*

THIS was a motion in arrest of judgment. The defendant was found guilty at the present term upon an indictment, charging him with the offence of receiving stolen goods, knowing the same to be stolen; and now moves that judgment be arrested, because in the indictment, a specific value was not affixed to each and every article described as received by the defendant. The indictment did allege that all the articles, collectively, were of the value of seventy dollars; and the jury found by their verdict that the defendant received only a part of the articles enumerated.

*Brownell,* for the defendant, contended that the section of the statute upon which the indictment was founded, was but an enactment of the common law, which requires both that the subject of theft possess some value, and that some value be assigned to every article

alleged to have been stolen: citing Dig. of 1844, p. 383, § 35, and Wharton on Cr. Law, 135,

*Robinson, Attorney General,* for the State, contended that in this State, where the distinction between grand and petit larceny is no longer recognized, it is not necessary to insert any allegation of value. The custom of his predecessors in office had not been uniform in this particular, and the indictment under consderation he had framed, with a view to an authoritative adjudication upon the point raised. Cites Archbold's Cr. Pr. 367, (notes.)

STAPLES, C. J. Unless there be some intrinsic value in a thing, no person taking it can be guilty of theft, nor can a person be guilty of receiving a thing as stolen, knowing it to be stolen, unless it be a thing the taking of which would be theft. The description in the indictment, of the goods which the jury found that the defendant did receive, knowing them to be stolen, imported an intrinsic value in them.

The jurisdiction of this Court over this offence does not depend on the value of the stolen goods received. If they are of any value, the Court has jurisdiction. It was not necessary to allege or prove any specific value in order to confer jurisdiction on the Court.

The common law distinction between grand and petit larceny has been long abolished in this State. It was not necessary, therefore, to allege or prove any specific value, in order to define the offence committed: and as the punishment does in no sense depend on the value, it was not necessary to allege or prove any specific value,

State v. Samuel Watson.

in order to the infliction of the kind or amount of punishment. There seems, therefore, no reason for burdening the record with allegations of the value of goods stolen, if the description of them be such as to show that they are of some value.

The motion in arrest of judgment is therefore overruled.